James H. PICKREN and Lucie B. Pickren, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 65-59-Civ-J.

United States District Court
M. D. Florida,
Jacksonville Division.

Dec. 14, 1965.

William R. Frazier, Jacksonville, Fla., for plaintiff.

Edward F. Boardman, U. S. Atty., Jacksonville, Fla., J. Patrick Whaley, Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendant.

McRAE, District Judge.

Plaintiffs, James H. Pickren and Lucie B. Pickren, brought this suit, seeking a refund of Federal income tax deficiencies and interest paid by them for the tax years 1959, 1960, and 1961, in the amount of $2,359.59.

In 1957, plaintiff James H. Pickren and S. Arthur Hooker were joint owners of certain secret formulas and trade names. On July 1 of that year, they entered into a contract with Freit Laboratories, Inc., whereby they granted Freit "the exclusive right and license, for a period of twenty-five (25) years, to manufacture, or have manufactured, use and sell, or have sold, the products derived from the aforementioned secret formulas, as well as the exclusive right to use the abovementioned trade names, throughout the United States and all foreign countries." In addition, it was agreed that "none of the parties to this Agreement shall reveal or divulge the aforementioned formulas" to others and that the joint owners "shall surrender to [Freit] * * * all memoranda and data concerning said formulas and will keep secret and confidential all information * * * concerning said formulas."

"Royalty" payments under the contract were made in 1959, 1960, and 1961, and plaintiffs included these amounts in their joint returns of those years as long-term capital gains. The Commissioner determined that the payments represented ordinary income and assessed the deficiencies that are the subject of this suit.

It is undisputed that the secret formulas and trade names were capital assets in the hands of plaintiff James H. Pick-

ren *and* that he had been an owner of them for more than six months. Thus, the sole question before this court is whether the agreement of July 1, 1957, constituted a "sale or exchange" of capital assets, within the meaning of 26 U.S. C. § 1222(3).

██ As this is a case of first impression, the court agrees with the parties that the law that has been developed with respect to the sale of patents should be drawn upon by analogy. The fact that the 1957 agreement included such terms as "exclusive right and license," "exclusive right to use," and "royalties" is not determinative, as it is the substance rather than the form that controls. What is determinative is that the arrangement was to run for only twenty-five years. *Cf.* Treas.Reg. § 1.1235–2(b). *Compare* Thomas D. Armour, 22 T.C. 181 (1954), *with* Gowdey's Estate v. Commissioner, 307 F.2d 816 (4th Cir. 1962). At the end of that time, Freit Laboratories, Inc., would have no rights in the secret processes or trade names, and full rights would revert to Pickren and Hooker. Admittedly, some of the value of the secret processes would be lost since Freit would retain most of the knowledge. Yet, Pickren and Hooker could sell and use the information after the twenty-five year period ended, and the value of the trade names would remain undiminished. Thus, Pickren did not transfer all substantial rights in the assets by the 1957 contract, but retained rights in them that were of value; as a result, payments received under that agreement must be treated as ordinary income.

Plaintiffs urge that they should prevail on the basis of the decisions in E. I. Du Pont De Nemours & Co. v. United States, 288 F.2d 904 (Ct.Cl. 1961); Stalker Corp. v. United States, 209 F. Supp. 30 (E.D.Mich. 1962); and Commercial Solvents Corp., 42 T.C. 455 (1964). These decisions are inapposite, however, as no time limitation on the transfer of rights was involved in them.

The present opinion is filed in compliance with Rule 52, Federal Rules of Civil Procedure, and is based upon the pre-trial stipulation.

Judgment will be entered accordingly.